IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT D. GARY, (TDCJ-CID #02019199) Petitioner, | § § § § § | |
| VS. | § | CIVIL ACTION NO. H-19-1905 |
| LORIE DAVIS, Respondent. | § § § § | |

**MEMORANDUM AND OPINION**

Petitioner Scott D. Gary seeks habeas corpus relief under 28 U.S.C. § 2254. Gary does not attack the validity of his conviction or sentence. Rather, he challenges the denial of release to parole. The threshold issue is whether this federal petition is subject to dismissal for failure to state a violation of a federally protected right.

Gary was convicted in the 278th Judicial District Court of Walker County, Texas of the felony offense of intoxicated assault with a vehicle, causing serious bodily injury, in Cause Number 23754. On August 25, 2015, the court sentenced Gary to an eight-year prison term.

On May 23, 2019, this Court received Gary's federal petition. Gary contends that:

(1) he has served 110 percent of his sentence;

(2) the Texas Board of Pardons and Paroles ("Board") violated his right to due process by denying his release to parole based on an erroneous determination that he is a threat to society; and

(3)  the Board had improperly denied him release to parole for the same reason for three consecutive years.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Gary argues that the Board improperly denied him parole. The law is clear that Gary has no constitutional right to parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison*, 104 F.3d at 768 (citing Tex. Code Crim. P. Ann. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana*, 65 F.3d at 32). Gary's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker*, 104 F.3d at 768; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied*, 501 U.S. 1210 (1991).

Gary's challenges to the denial of parole lack merit. This case is DISMISSED. Gary's constructive motion to proceed as a pauper, (Docket Entry No. 1), is GRANTED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. 484.

This Court denies Gary's petition after careful consideration of the merits of his constitutional claims. This Court denies a COA because Gary has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on May 31, 2019.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE